**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4403**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINCY DESHAUN MCWAINE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00152-MOC-1)

Submitted: January 29, 2016        Decided: February 29, 2016

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quincy Deshaun McWaine pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). The district court sentenced McWaine to 120 months' imprisonment, the statutory minimum sentence. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in accepting McWaine's guilty plea, whether the district court erred in failing to find that an entrapment defense applied, whether McWaine's sentence was procedurally and substantively reasonable, and whether McWaine's counsel was ineffective. Although notified of his right to do so, McWaine has not filed a pro se brief. After careful consideration of the entire record, we affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not

2

contained in the plea agreement.  Fed. R. Crim. P. 11(b)(2)-(3);
DeFusco, 949 F.2d at 119-20.

Because McWaine did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error.  United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014).  "To prevail on a claim of plain error, [McWaine] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights."  Id. at 816.  In the guilty plea context, a defendant "must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty."  Id. (internal quotation marks omitted).  We conclude that McWaine has not established plain error in his Rule 11 hearing.  The district court correctly found McWaine's plea knowing and voluntary.

Counsel also questions whether the district court erred in failing to sua sponte dismiss the indictment based on the defense of entrapment.  The record contains no indication that McWaine raised entrapment in any manner before the district court.  Because entrapment is an affirmative defense, United States v. McLaurin, 764 F.3d 372, 379 (4th Cir. 2014), cert. denied, 135 S. Ct. 1842, 1843 (2015), McWaine's failure to assert it in the district court forecloses consideration on appeal.  Moreover, McWaine's knowing and voluntary plea "constitutes a waiver of all nonjurisdictional defects," including an unasserted defense.  United States v.

3

_Willis_, 992 F.2d 489, 490 (4th Cir. 1993). Accordingly, this argument is without merit.

As to McWaine's sentence, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." _Gall v. United States_, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. _Id._ at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. _Gall_, 552 U.S. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." _Id._ at 51. A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." _United States v. Louthian_, 756 F.3d 295, 306 (4th Cir.), _cert. denied_, 135 S. Ct. 421 (2014). "A statutorily required sentence . . . is _per se_ reasonable." _United States v. Farrior_, 535 F.3d 210, 224 (4th Cir. 2008), _abrogation on other grounds recognized by_ _United States v. Williams_, 808 F.3d 238, 246 (4th Cir. 2015).

4

In this case, the record establishes that McWaine's sentence is procedurally and substantively reasonable. The district court properly calculated McWaine's offense level, criminal history, and Guidelines range. The court afforded the parties an adequate opportunity to make arguments about the appropriate sentence. Additionally, the court's explanation for its sentence, in which the court explicitly referenced § 3553(a), was individualized and detailed. The court thoroughly considered the § 3553(a) factors before sentencing McWaine to the statutory minimum sentence.

Finally, counsel questions whether McWaine's attorney was ineffective. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no evidence of ineffective assistance of counsel on the face of the record, these claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm McWaine's conviction and sentence. This court requires that counsel inform McWaine, in writing, of the right to

5

petition the Supreme Court of the United States for further review. If McWaine requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McWaine.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED